STATE OF NORTH CAROLINA v. KIM LOUISE SUMMEY

No. COA01-1033

(Filed 18 June 2002)

## 1. Search and Seizure— investigatory stop—motion to suppress—crack cocaine

The trial court did not err in a felony possession of cocaine case by denying defendant's motion to suppress evidence of crack cocaine seized after the stop of a truck in which defendant was a passenger based on the officers having sufficient cause to stop and search defendant, because: (1) the circumstances, including a truck matching the description relayed to the officers had just left a residence which had been in an area of prior drug activity and in front of the residence the driver of the truck had engaged in a course of conduct which was characteristic of a drug transaction, created a reasonable suspicion of criminal activity such that the officers were justified in conducting an investigatory stop of the truck; and (2) the circumstances justified a limited search of defendant, including forcing defendant to open her hand, since the truck which defendant occupied was reported to have just been involved in a suspected drug transaction, when the officers approached the truck defendant's hand was hidden in a suspicious manner underneath a piece of fabric, and defendant refused to open her hand when asked by the officers.

## 2. Evidence— crack cocaine—motion to suppress—excessive force

The trial court did not err in a felony possession of cocaine case by denying defendant's motion to suppress evidence of crack cocaine seized after the stop of a truck in which defendant

was a passenger even though defendant alleges an officer used excessive force in opening her hand, because: (1) the officer's use of force to pressure open defendant's hand was justifiable in view of the officer's need to ensure that defendant was not in possession of a weapon capable of inflicting injury or that defendant would destroy evidence; and (2) there is no evidence indicating that the officer's use of pressure was overly intrusive as to render the seizure of the crack cocaine unreasonable.

**3. Drugs— felony possession of cocaine—motion to dismiss—prior dismissal of same charge**

   The trial court did not err by denying defendant's motion to dismiss the charge of felony possession of cocaine even though defendant contends the State waived the right to prosecute her for any crime arising out of the incident when it allowed her coparticipant on 28 January 2000 to plead guilty to possession of drug paraphernalia and voluntarily dismissed the charge of possession of cocaine against defendant, because: (1) defendant fails to cite any authority which holds that the doctrine of waiver applies to this situation; (2) the record is devoid of any indication that defendant relinquished her constitutional rights in reliance on a promise made by the prosecutor; and (3) the prosecutor testified that he made no promises to defendant and that he initially dismissed the charges against her since the prosecutor could not locate the lab report confirming that the substances seized by the officers were crack cocaine.

Appeal by defendant from judgment entered 25 January 2001 by Judge W. Douglas Albright in Henderson County Superior Court. Heard in the Court of Appeals 15 May 2002.

*Attorney General Roy Cooper, by Special Deputy Attorney General Douglas A. Johnston, for the State.*

*Carter & Kropelnicki, P.A., by Steven Kropelnicki, Jr., for defendant-appellant.*

WALKER, Judge.

Defendant appeals her conviction for felony possession of cocaine. The State's evidence tended to show the following: On 3 October 1999, officers of the Hendersonville Police Department were conducting a drug surveillance operation in the Green Meadows neighborhood of Henderson County. At the time, Green Meadows

was considered a "known drug area" due to the large number of drug arrests made in the neighborhood. As part of the surveillance, Lieutenant Tim Griffin (Lt. Griffin) positioned himself in view of a residence which had been the subject of a nuisance abatement proceeding for drug-related activities. A group of men were standing in the front yard of the residence.

At approximately 5:30 p.m., Lt. Griffin observed a white Nissan pickup truck with the rear window missing drive towards the residence and stop alongside the road. One of the men standing in the yard approached the truck and appeared to engage in a brief conversation with the driver. A few moments later, the man returned to the yard and the truck drove away.

Lt. Griffin believed he had just observed a drug transaction so he dispatched, via his police radio, a detailed description of the truck and the direction in which it was traveling. About seven blocks away, Officers Richard Olsen (Officer Olsen) and Mike Vesely (Officer Vesely) were involved in an unrelated traffic stop and heard Lt. Griffin's dispatch. Shortly thereafter, a truck matching the description provided by Lt. Griffin neared the officers and stopped because another vehicle was blocking the roadway. Officer Olsen approached the driver, Allen Rogers (Rogers), and asked him to step out of the truck. At that time, he observed defendant seated in the passenger seat with her left hand hidden underneath "some type of fabric material."

Meanwhile, Officer Vesely approached the truck's passenger side door and recognized defendant from previous investigative stops. He also observed defendant hiding her left hand under a piece of fabric. Out of concern that defendant might be hiding a small weapon, Officer Vesely asked defendant to show him what was in her hands. Defendant lifted her hands but kept her left hand closed in a fist. The officer then noticed a rock-like substance, which he believed to be crack cocaine, wedged in a gap between defendant's fingers. He again asked defendant to open her hand. She again refused and Officer Vesely took hold of defendant's wrist forcing her left arm out the truck's window. Defendant continued to resist opening her hand and began to pull her arm back into the truck. Officer Olsen then handcuffed Rogers and proceeded to assist Officer Vesely. Using his knuckle, Officer Olsen applied pressure to the back of defendant's hand and forced it open. The officers next observed a "waxy, rock-like substance" fall to the ground, while another "rock-like substance" remained stuck to defendant's palm. Each officer, based on

STATE v. SUMMEY

[150 N.C. App. 662 (2002)]

his experience with drug investigations, concluded the substances were crack cocaine. As a result, defendant and Rogers were placed under arrest.

Defendant's evidence tended to show that she and Rogers routinely traveled to Green Meadows in connection with Rogers' scrap metal and auto repair business. On 3 October 1999, as they were leaving the neighborhood, they drove past the residence which was under Lt. Griffin's surveillance. A man standing in the front yard recognized Rogers and motioned for him to stop. The man then asked Rogers if he could find a bumper for a Cadillac. Rogers responded that he would do his best and drove away.

Shortly thereafter, they stopped at the location where Officers Olsen and Vesely were involved with the unrelated traffic stop. Defendant testified that, prior to stopping, she was holding in her left hand $1.98 in change which she intended to use to purchase cigarettes. She also testified that when Officer Vesely asked her to show him her hands, she readily complied but was unable to open her left hand because he was "holding it shut," "twisting" it and "pulling me out the window." Officer Olsen then applied pressure to the back of her hand forcing it to open.

Defendant further testified that, shortly following her arrest, she received medical treatment on her left arm and wrist. She continues to have "little feeling" in her left hand and asserts that she is unable to hold employment due to an inability to use her left hand.

On 28 January 2000, Rogers entered a negotiated guilty plea for misdemeanor possession of drug paraphernalia. On that date, the State also voluntarily dismissed a possession of cocaine charge against defendant arising out of the 3 October 1999 incident. The prosecutor, who dismissed the charge, testified that he was unable to locate a lab report confirming that the two rock-like substances seized by Officers Olsen and Vesely were cocaine. He, therefore, dismissed the charge against defendant for insufficient evidence.

In April 2000, defendant filed a civil rights action against Officer Olsen, Officer Vesely and the City of Hendersonville, alleging the officers had used excessive force in opening her hand. Approximately two months later, the prosecutor located the lab report and indicted defendant for possession of cocaine. Prior to her trial, defendant moved the trial court to suppress the crack cocaine and for a dismissal of the charge. The trial court denied both of these motions.

I.

**[1]** Defendant first contends the trial court erred in denying her motion to suppress. Appellate review of a motion to suppress is confined to the determination of whether competent evidence supports the trial court's findings and, in turn, whether the findings support the trial court's conclusions. *See State v. Willis,* 125 N.C. App. 537, 540, 481 S.E.2d 407, 410 (1997). Although the defendant must provide a supporting affidavit with a motion to suppress, the burden of demonstrating the evidence was lawfully obtained continues to rest with the State. *See State v. Smith,* 118 N.C. App. 106, 111, 454 S.E.2d 680, 683, *rev. on other grounds,* 342 N.C. 407, 464 S.E.2d 45 (1995), *cert. denied,* 517 U.S. 1189, 134 L. Ed. 2d 779 (1996) *(citations omitted).*

Here, defendant concedes the trial court's findings are supported by competent evidence. Nonetheless, she asserts two alternative reasons as to why the seizure of the crack cocaine was unlawful: (1) the officers lacked sufficient cause to stop and search defendant and (2) the forced seizure by the officers was excessive thereby rendering the search unreasonably intrusive.

Sufficient Cause

A search and seizure " 'conducted outside the judicial process, without prior approval by judge or magistrate, [is] per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well delineated exceptions.' " *Minnesota v. Dickerson,* 508 U.S. 366, 372, 124 L. Ed. 2d 334, 343-44 (1993) (citations omitted). One such exception, recognized in *Terry v. Ohio,* holds that "where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot," he may momentarily stop a suspected individual or individuals in order to obtain additional information. *Terry,* 392 U.S. 1, 30, 20 L. Ed. 2d 889, 911 (1967); *see also Adams v. Williams,* 407 U.S. 143, 146, 32 L. Ed. 2d 612, 617 (1972). An investigatory stop is constitutionally permissible provided the law enforcement officer is able to provide "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [an] intrusion." *Terry,* 392 U.S. at 21, 20 L. Ed. 2d at 906. Further, if during the course of an investigation the officer has a "reasonable fear for his own or others' safety, he is entitled . . . to conduct a carefully limited search . . . in an attempt to discover weapons. . . ." *Id.* at 30, 20 L. Ed. 2d at 911.

Thus, pursuant to *Terry*, Officers Olsen and Vesely's decision to stop defendant is justifiable if "specific and articulable facts, taken together with the rational inferences from those facts, created a reasonable suspicion of criminal activity." *State v. Harrell*, 67 N.C. App. 57, 61, 312 S.E.2d 230, 234 (1984). Additionally, their decision to search defendant is also justifiable if, during the course of their investigation, they reasonably believed defendant might be in possession of a weapon and posed a danger to their safety. *See State v. Smith*, 150 N.C. App. 317, 562 S.E.2d 899 (2002).

The record shows that, prior to the stop of the truck, the circumstances known to the officers, as relayed to them by Lt. Griffin, included: (1) a truck matching its description had just left a residence which had been in an area of prior drug activity, and (2) in front of the residence the driver of the truck had engaged in a course of conduct which was characteristic of a drug transaction. We hold that these circumstances created a reasonable suspicion of criminal activity such that Officers Olsen and Vesely were justified in conducting an investigatory stop of the truck. *See e.g. Harrell*, 67 N.C. App. at 61, 312 S.E.2d at 234; *State v. Thompson*, 296 N.C. 703, 252 S.E.2d 776, *cert. denied*, 444 U.S. 907, 62 L. Ed. 2d 143 (1979); *State v. Watkins*, 337 N.C. 437, 446 S.E. 2d 67 (1994).

With respect to the officers' search of defendant, the circumstances known to them prior to the search included: (1) the truck which defendant occupied was reported to have just been involved in a suspected drug transaction, (2) when the officers approached the truck, defendant's hand was hidden in a suspicious manner underneath a piece of fabric, and (3) when asked, defendant refused to open her hand. Additionally, the officers testified that, as law enforcement officers, they learned in training that a small knife or razor blade capable of inflicting injury could be concealed in a clenched fist. Consequently, until they see an open palm they have reason to believe a suspect could be armed with a weapon. Officer Vesely also testified that when defendant first raised her hand, he immediately recognized what he considered to be crack cocaine wedged in a gap between defendant's fingers. From these circumstances, we conclude the officers were justified in conducting a limited search of defendant, including forcing defendant to open her hand. *See State v. Streeter*, 17 N.C. App. 48, 50, 193 S.E.2d 347, 348 (1972), *aff'd*, 283 N.C. 203, 195 S.E.2d 502 (1973) ("If, in the conduct of the limited weapons search, contraband or evidence of a crime is of necessity exposed, the officer is not required by the Fourth Amendment to dis-

regard such contraband or evidence of crime"). Accordingly, the trial court properly concluded that the officers had sufficient cause to stop and search defendant.

### Reasonable Force

**[2]** Defendant next maintains the crack cocaine should have been suppressed by reason that the officers used excessive force in opening her hand, thereby rendering their search unconstitutionally intrusive. We disagree.

"The overriding function of the Fourth Amendment is to protect personal privacy and dignity against unwarranted intrusion by the State." *Schmerber v. California*, 384 U.S. 757, 767, 16 L. Ed. 2d 908, 917 (1966). In *Schmerber*, the police arrested the defendant for driving while intoxicated while he was receiving treatment at a hospital following an automobile accident. At the direction of one of the police officers, a physician withdrew a blood sample from the defendant. A chemical analysis of the sample indicated the defendant had been intoxicated. The defendant sought to exclude the chemical analysis on grounds that the blood sample was the product of an unconstitutional search and seizure. The Supreme Court disagreed holding that the withdrawal of the defendant's blood was not unjustifiably intrusive as to render its seizure unreasonable. *Id.* at 771-72, 16 L. Ed. 2d at 920. However, the Court cautioned that its holding "in no way indicates that it permits more substantial intrusions, or intrusions under other conditions." *Id.*; *see also Winston v. Lee*, 470 U.S. 753, 84 L. Ed. 2d 662 (1985) (holding that surgical intrusion into attempted robbery suspect's left chest area to recover bullet fired by victim was unreasonable under the Fourth Amendment). Indeed, the Court put forth certain criteria for determining whether a search is unreasonably intrusive: (1) whether the police have a "clear indication" that the desired evidence will be found, (2) the presence of exigent circumstances such as the imminent destruction of evidence or a risk to individual safety, and (3) whether the methods used to obtain the evidence was performed in a reasonable manner. *Id.*; *see also Burnett v. Municipality of Anchorage*, 806 F.2d 1447 (9th Cir. 1986).

Applying the framework set forth in *Schmerber* to the conduct of Officers Olsen and Vesely, we note that prior to forcing open defendant's hand, the officers had been informed that the driver of the truck, in which defendant was a passenger, had been involved in a suspected drug transaction moments earlier. Upon approaching the

truck, both officers observed defendant hide her hand in such a manner which was clearly indicative of her having either a small weapon or drugs closed in her palm. Additionally, after being repeatedly asked to open her hand, defendant continued to resist the officers' efforts to alleviate their concern that she might be concealing a weapon. Under such circumstances, we conclude Officer Olsen's use of pressure to open defendant's hand was justifiable in view of the officers' need to ensure that defendant was not in possession of a weapon capable of inflicting injury or that she would not destroy evidence. Moreover, we find no evidence which would indicate Officer Olsen's use of pressure was overly intrusive as to render the seizure of the crack cocaine unreasonable. *See Smith,* 342 N.C. at 407, 464 S.E.2d at 45 (holding that requiring defendant to pull his pants down in the middle of an intersection so that police might search for cocaine was not intolerable in intensity and scope such that the search was unreasonably intrusive); *and State v. Watson,* 119 N.C. App. 395, 458 S.E.2d 519 (1995) (holding police officer's application of pressure to defendant's throat causing him to spit out three plastic baggies containing crack cocaine was not unreasonably intrusive in light of the risk of losing the evidence and the potential health risk to the defendant). Therefore, we overrule defendant's assignment of error.

II.

[3] Defendant next contends the trial court erred in denying her motion to dismiss. She maintains the State had "waived" the right to prosecute her for any crime arising out of the incident when it allowed Rogers on 28 January 2000 to plead guilty for possession of drug paraphernalia and voluntarily dismissed the charge of possession of cocaine against her. However, defendant fails to cite any authority which holds that the doctrine of waiver applies to situations such as the one present in this case.

Nonetheless, defendant asserts the dismissal of the charges against her was a material part of the negotiated guilty plea which Rogers entered. She contends that "due process" and "basic contract principles" require that the charges against her be dismissed.

The essential characteristic of a negotiated guilty plea is "the defendant's surrender of fundamental constitutional rights . . . in reliance upon the prosecutor's promise." *Motor Co. v. Board of Alcoholic Control,* 35 N.C. App. 536, 538, 241 S.E.2d 727, 729 (1978) (*citing Brady v. Unites States,* 397 U.S. 742, 25 L. Ed. 2d 747 (1970)).

Here, the record is devoid of any indication that defendant relinquished her constitutional rights in reliance on a promise made by the prosecutor. Indeed, the prosecutor, who dismissed the charges against defendant, testified that he made no promises to defendant and that he dismissed the charges against her because he could not locate the lab report confirming that the substances seized by Officers Olsen and Vesely were crack cocaine. Accordingly, we overrule defendant's assignment of error.

No error.

Judges McCULLOUGH and BRYANT concur.