STATE OF NORTH CAROLINA
v.
AMIR JESUS LAUREL
No. COA08-1114
Court of Appeals of North Carolina
Filed: July 7, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Marc X. Sneed, for the State.
Leslie C. Rawls, for defendant-appellant.
JACKSON, Judge.
Amir Jesus Laurel ("defendant") appeals from his criminal convictions for trafficking in cocaine and possession with intent to sell and deliver cocaine. For the reasons stated below, we hold no error.
In early 2007, after several informant tips, the Winston-Salem Police Department ("Police Department") began surveilling a Fayetteville Street parking lot which they suspected was being used for narcotics trafficking. For several weeks, Detective Williams, a member of the Police Department's Special Investigation Division, observed a white Toyota 4-Runner which consistently was backed against the wall of the parking lot. During this time period, Detective Williams never saw the vehicle move and saw only one man, Hernan Noyola Ayala ("Ayala"), enter into the vehicle unaccompanied. On multiple occasions, Detective Williams observed Ayala enter the driver's side door of the vehicle and wait while other persons would enter on the passenger's side.
On 3 April 2007, Detective Williams observed a black, two-door Honda pull into the Fayetteville Street parking lot. Upon arrival, the Honda came to a stop in the center of the parking lot. The Honda's passenger, later identified as defendant, left the vehicle and approached Ayala in the parked Toyota. After entering the Toyota, defendant remained in it for less than one minute before returning to the Honda. After a brief stay within the Honda, defendant again returned to the Toyota. After approximately one minute, defendant exited the Toyota and returned to the Honda. Detective Williams stated at trial that during these events he could not make out any facial features or events which transpired in either vehicle.
As the Honda left the parking lot, Detective Williams notified Officer Navy, located approximately one-tenth of a mile away, to stop the vehicle. After executing the stop, Officer Navy, approached the passenger side of the vehicle where defendant was located. Officer Navy did not observe anything on the ground as he approached the vehicle. Upon his approach, Officer Navy noted defendant's nervous demeanor  heavy breathing, rigid posture, and sweat. Stating his suspicion of drug activity, Officer Navy removed defendant from the vehicle. After a brief check for weapons, Officer Navy had defendant step over the adjacent guardrail next to the road and wait there.
Next, Officer Navy removed the driver. The driver then admitted to having a firearm upon questioning by Officer Navy. At this point, both the driver and defendant were handcuffed, and Officer Navy placed the driver with an accompanying officer. After detaining both men, Officer Navy discovered a bag of cocaine powder located on the road directly beside the passenger door. Officer Navy then frisked defendant for a second time. The second frisk revealed the presence of cocaine residue in the defendant's pants and a torn plastic bag which also contained cocaine residue. Defendant, having been read his Miranda rights, told Officer Navy that the cocaine found in his pocket was for personal use and that it had been used the previous night. Furthermore, defendant stated that he had no knowledge of the bag of cocaine which was on the road beside the passenger door.
On 29 October 2007, the Forsyth County grand jury returned a true bill of indictment against defendant for (1) trafficking in cocaine, and (2) possession with intent to sell and deliver cocaine. On 18 March 2008, a jury convicted defendant on all charges. The trial court determined that defendant had a prior record level of II, sentenced defendant to thirty-five to forty-two months imprisonment, and imposed a $50,000.00 fine. Defendant appeals.
On appeal, defendant contends that the trial court erred when it (1) denied defendant's motion to suppress evidence arising from Officer Navy's stop on the grounds that Officer Navy lacked reasonable suspicion, (2) denied defendant's motion to dismiss on the grounds that there was insufficient evidence to present the case to the jury, and (3) instructed the jury on constructive possession and close physical proximity.
This Court's "review of a trial court's denial of a motion to suppress is limited to a determination of whether its findings are supported by competent evidence, and if so, whether the findings support the trial court's conclusions of law." State v. McRae, 154 N.C. App. 624, 627-28, 573 S.E.2d 214, 217 (2002). "If the trial court's conclusions of law are supported by its factual findings, we will not disturb those conclusions on appeal." State v. Pickard, 178 N.C. App. 330, 333-34, 631 S.E.2d 203, 206, appeal dismissed and disc. rev. denied, 361 N.C. 177, 640 S.E.2d 59 (2006). Furthermore, "the trial court's conclusions of law are reviewed de novo and must be legally correct." Pickard, 178 N.C. App. at 334, 631 S.E.2d at 206.
Defendant first contends that the trial court erred when it denied his motion to suppress evidence arising from Officer Navy's stop on the grounds that Officer Navy lacked reasonable suspicion to stop the car. We disagree.
The Fourth Amendment protects citizens from unreasonable searches and seizures. U.S. Const. amend. IV. In addition, the Supreme Court has held that even if a stop is brief, simply "stopping an automobile and detaining its occupants constitute[s] a `seizure.'" Delaware v. Prouse, 440 U.S. 648, 653, 59 L. Ed. 2d 660, 667 (1979). We previously have held that, "[a] police officer may effect a brief investigatory seizure of an individual where the officer has reasonable, articulable suspicion that a crime may be underway." State v. Barnard, 184 N.C. App. 25, 29, 645 S.E.2d 780, 783 (2007). Reasonable suspicion of criminal activity must be supported by facts which can be readily articulated by the officer, as viewed through the eyes of a trained and experienced officer, and which are the product of looking at the circumstances in their totality. See United States v. Arvizu, 534 U.S. 266, 273, 151 L. Ed. 2d 740, 749-50 (2002). "The only requirement is a minimal level of objective justification, something more than an `unparticularized suspicion or hunch.'" State v. Watkins, 337 N.C. 437, 442, 446 S.E.2d 67, 70 (1994) (quoting United States v. Sokolow, 490 U.S. 1, 7, 104 L. Ed. 2d 1, 10 (1989)). See also State v. Styles, 362 N.C. 412, 414, 665 S.E.2d 438, 439-40 (2008) (The stop must "`be based on specific and articulable facts, as well as the rational inferences from these facts, as viewed through the eyes of a reasonable, cautious officer, guided by his experience and training . . . [and] consider[ing] "the totality of the circumstancesthe whole picture" in determining whether a reasonable suspicion' exists." (citations omitted)).
In the case sub judice, defendant contends that Officer Navy did not have reasonable suspicion to stop the vehicle in which defendant was riding. In support of this argument, defendant argues that Detective Williams (1) could not identify the facial features of any individuals during his observation of the parking lot; (2) did not see any drug transaction occur; and (3) could not describe the Honda he saw in the parking lot sufficiently to ensure that Officer Navy stopped the correct vehicle.
However, to effect a stop, an officer need only reasonable suspicion. Barnard, 184 N.C. App. at 29, 645 S.E.2d at 783. This reasonable suspicion must arise from specific events which are viewed in their totality by an officer using his training and experience. Arvizu, 534 U.S. at 273, 151 L. Ed. 2d at 749-50. Therefore, we need not address the accuracy of defendant's contentions specifically; instead, we need only to look at whether sufficient facts were present to produce reasonable suspicion when viewed in their totality.
The Supreme Court has stated that presence in a high-crime area may be used, in conjunction with other relevant factors, to establish reasonable suspicion. Illinois v. Wardlow, 528 U.S. 119, 124, 145 L. Ed. 2d 570, 576 (2000). In addition, we have held that "the time of day, or the absence of other persons in and of themselves may be insufficient to establish reasonable suspicion, but taken together, such factors certainly may suffice." State v. Campbell, 188 N.C. App. 701, 706, 656 S.E.2d 721, 726 (2008).
Here, Detective Williams had served in the Special Investigation Division for four years. During this time period, Detective Williams had observed more than 100 drug transactions. Detective William's extensive experience in narcotics transactions led him to believe that Ayala was selling drugs out of the Fayetteville Street parking lot. He explained that in each one of the observed encounters, Ayala met with the other individual only briefly. Defendant entered Ayala's 4-Runner twice, and defendant only did so for approximately one minute, or less, each time. The 4-Runner never moved, and no one ever entered it unless Ayala was present. Finally, Detective Williams stated that the Fayetteville Street parking lot "had a reputation" of being used for narcotics sales and that several narcotics arrests had been made "based on people leaving there before." See Wardlow, 528 U.S. 119 at 124, 145 L. Ed. 2d 570 at 576.
We hold that Detective Williams sufficiently articulated a reasonable suspicion. Defendant's specific actions were consistent with those an individual engaging in a drug transaction might make. See State v. Summey, 150 N.C. App. 662, 664-67, 564 S.E.2d 624, 626-28 (2002) (holding that the arresting officer had viewed "conduct which was characteristic of a drug transaction" when he viewed a man who left his yard to briefly approach a truck before returning promptly). In addition, defendant's location in a scarcely populated and high-crime area support the detective's reasonable suspicion. Upon examining all of these facts in concert, Detective Williams' extensive experience in narcotics' trafficking led him to a reasonable suspicion of defendant's behavior which justified Officer Navy's stop.
Next, defendant contends that the trial court erred when it denied his motion to dismiss on the grounds that there was insufficient evidence to present the case to the jury. We disagree.
[U]pon a motion to dismiss in a criminal action, all of the evidence, whether competent or incompetent, must be considered in the light most favorable to the state, and the state is entitled to every reasonable inference therefrom. Contradictions and discrepancies are for the jury to resolve and do not warrant dismissal. In considering a motion to dismiss, it is the duty of the court to ascertain whether there is substantial evidence of each essential element of the offense charged. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.
State v. Smith, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980) (internal citations omitted). See, e.g., State v. Israel, 353 N.C. 211, 539 S.E.2d 633 (2000).
Here, defendant relies primarily upon the argument that the State's own evidence tends to show that defendant never actually nor constructively possessed the bag of cocaine which was found on the ground next to the vehicle. As a result, defendant contends that the State failed to produce sufficient evidence of all material elements of the charged offenses.
Constructive possession may be found when the defendant has both the intent and ability to possess the controlled substance. State v. Harvey, 281 N.C. 1, 12-13, 187 S.E.2d 706, 714 (1972). See also State v. McNeil, 359 N.C. 800, 617 S.E.2d 271 (2005). This Court previously has held that, "the State may overcome a motion to dismiss . . . by presenting evidence which places the accused `within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his possession.'" Harvey, 281 N.C. at 12-13, 187 S.E.2d at 714 (quoting State v. Allen, 279 N.C. 406, 183 S.E.2d 680 (1971)). Moreover, "[t]he State is not required to prove that the defendant owned the controlled substance or that [the] defendant was the only person with access to it." State v. Rich, 87 N.C. App. 380, 382, 361 S.E.2d 321, 323 (1987) (citations omitted). See also State v. Matias, 354 N.C. 549, 552, 556 S.E.2d 269, 270 (2001).
In the case sub judice, four facts combine to establish defendant's constructive possession of the cocaine located on the ground. First, defendant was the only occupant of the vehicle who had contact with Ayala. Second, defendant's interactions with Ayala involved defendant's exiting from and returning to the passenger seat of the Honda two times before Officer Navy initiated the stop. Third, defendant's location in the passenger seat of the vehicle was immediately adjacent to where the bag of cocaine was located. Finally, cocaine residue was located by Officer Navy within defendant's pocket.
As stated previously, the State is not required to prove that defendant owned the controlled substance. Id. In the case sub judice, defendant's interactions with Ayala lend themselves to the belief that defendant acquired cocaine in the Fayetteville Street parking lot. Additionally, defendant exclusively occupied the side of the vehicle in which the cocaine was found. Upon viewing these facts in the light most favorable to the State, it may be inferred that defendant had the ability and intent to possess the bag of cocaine found. Defendant's actual possession of cocaine residue furthers the "reasonable inference" that could be made as to defendant's possession of the bag of cocaine found on the ground. Since, upon a motion to dismiss, all reasonable inferences must be resolved in favor of the State, we hold that substantial evidence of the offense was presented, and that the trial court did not err in denying defendant's motion to dismiss.
Finally, defendant argues that the trial court erred when it instructed the jury on constructive possession and close physical proximity. We disagree.
Our Supreme Court has held that, "[a]s to the issue of jury instructions, we note that choice of instructions is a matter within the trial court's discretion and will not be overturned absent a showing of abuse of discretion." State v. Nicholson, 355 N.C. 1, 66, 558 S.E.2d 109, 152 (2002). Trial courts should give an instruction which is based on "some reasonable view of the evidence." State v. Lampkins, 283 N.C. 520, 523, 196 S.E.2d 697, 699 (1973).
Here, defendant argues that the State provided insufficient evidence to demonstrate that defendant had constructive possession over the bag of cocaine. As such, defendant contends that the trial court erred when it instructed the jury on constructive possession and close physical proximity.
We hold that the State did produce sufficient evidence to warrant the trial court's jury instruction as detailed above. The bag of cocaine was found on the side of the vehicle which defendant occupied exclusively. Moreover, defendant had cocaine residue on his person. Since the trial court need only instruct the jury based upon "some reasonable view of the evidence[,]" we hold that the trial court did not abuse its discretion when it instructed the jury on constructive possession and close physical proximity.
For the foregoing reasons, we hold no error. No Error.
Judges WYNN and HUNTER, Jr., Robert N. concur.
Report per Rule 30(e).